IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERTA MORALES,**

      **Plaintiff,**

vs.                                                          No. CIV 01-0311 BB/RLP

**CITY OF ALBUQUERQUE, BERNALILLO COUNTY DETENTION CENTER (BCDC), JOHN DANTIS, in his official capacity of BCDC Director, ERIC D. SAAVADRA personally and in his official capacity of a BCDC employee, ROBERT CANDELARIA, ALLSTATE INSURANCE, and REGENTS OF THE UNIVERSITY OF NEW MEXICO,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff's Motion to file Second Amended Complaint (Docket No. 19). The court having reviewed the pleadings and authorities cited therein, and being fully advised in the premises finds that Plaintiff's Motion will be granted in part and denied in part.

### Procedural Background

Plaintiff filed her original complaint in New Mexico state court, Second Judicial District, on April 25, 2000, the last day before the running of the statute of limitations for claims brought under the New Mexico Tort Claims Act. Plaintiff sought to amend her complaint in state court, to add the Regents of the University of New Mexico and Eric Saavadra as defendants. (Docket No. 19, p. 3; Docket No. 20, p. 2). The state court granted Plaintiff's motion as it pertained to the Regents, but denied the motion as it pertained to Saavadra, on the ground that the claims against him did not relate back to the original complaint and were therefore barred by the two year statute of limitations found in the New Mexico Tort Claims Act. (Docket 19, p. 6; Docket No. 20, p. 2) The state court also

dismissed claims asserted in Count II of Plaintiff's original complaint, seeking recovery against BCDC personnel for negligence in failing to secure her with a seatbelt while being transported between jail facilities. (Docket No. 19, p. 2). The case was subsequently removed to this court on March 19, 2001. (Docket No. 1).

## Proposed Amendments

Plaintiff now seeks to amend her complaint for a second time in order to:

(1) Add Prison Health Services (PHS) as a party defendant (Proposed Count IV);

(2) Add or amplify claims under 42 U.S.C. §1983 for violation of her Eighth and Fourteenth Amendment rights (Proposed Counts V and VI);

(3) Reinstate her claim against BCDC personnel for negligence in failing to secure her with a seat belt while being transported between jail facilities (Proposed Count II);

(4) Dissolve or modify the state court's order denying Plaintiff's Motion to Amend to add Defendant Saavadra, and permit that amendment. (Proposed Count III);

(5) Add a claim for negligent supervision and training against Defendants BCDC and Dantis related to the alleged deliberate and intentional denial of medical services to Plaintiff by BCDC personnel. (Proposed Count VII).

Defendants City of Albuquerque, BCDC, Dantis and Mr. Saavadra are the only defendants responding to Plaintiff's Motion. (They will be referred to collectively as "Defendants.")

## Standard Applicable to Motions to Amend

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Rule 15(a) states that leave shall be freely given when justice so requires. *Id*. However, if the court determines there

2

is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave may be denied. *Foman v. Davis*, 371 U. S. 178, 182 (1962). Futility exists if the proposed amendment is frivolous or legally insufficient on its face. *See, e. g., Morton Intern., Inc. v. A. E. Staley Mfg. Co.*, 106 F. Supp. 2d 737, 745 (D. N. J. 2000). The grant or denial of a motion to amend under Rule 15( a) is within the discretion of the trial court, although it is an abuse of discretion to deny a motion to amend without providing justification. *Foman v. Davis*, 371 U. S. at 182.[1]

### Uncontested Matters - Proposed Counts IV, V and VI

Defendants took no position on Plaintiff's request to add Prison Health Services as a party defendant (Docket No. 20, p. 3), and did not address Plaintiff's request to amend to add claims for violation of 42 U.S.C. §1983 based on denial of Eighth and Fourteenth Amendment rights. Accordingly, Plaintiff's Motion will be granted as it pertains to these requested amendments. (Proposed Counts IV, V and VI).

### Negligence for Failure to Secure Plaintiff With A Seatbelt - Proposed Count II

In Proposed Count II, Plaintiff contends that BCDC Personnel failed in their duty to secure her with a seatbelt during transport between jail facilities. She further alleges that this negligence proximately caused injury to her when the van in which she was riding was involved in a collision or near collision with another vehicle. The Parties represent that this claim was dismissed by the state

---

[1] Plaintiff originally sought to amend her complaint in New Mexico state district court, which applies a similar legal standard: Motions to amend are addressed to the sound discretion of the trial court, and will be reviewed on appeal only for abuse of discretion. *Slide-A-Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces*, 105 N.M. 433, 733 P.2d 1316 (1987); *Constructors, Ltd. v. Garcia*, 86 N.M. 117, 520 P.2d 273 (1974); *Newman v. Basin Motor Co.*, 98 N.M. 39, 644 P.2d 553 (Ct.App.1982). An abuse of discretion occurs when the court exceeds the bounds of reason, considering all the circumstances before it. *Clancy v. Gooding*, 98 N.M. 252, 647 P.2d 885 (Ct.App.1982).

court, based on the application of N.M.S.A. §66-7-373(A). (Docket No. 19, p. 2-3; Docket No. 20, p. 2). N.M.S.A. §66-7-373(A) provides: "Failure to be secured by a . . . safety belt as required by the Safety Belt Use Act [66-7-370 to 66-7-373 N.M.S.A. 1978] shall not in any instance constitute fault or negligence and shall not limit or apportion damages."

In *Norwest Bank New Mexico, N.A., v. Chrysler Corporation,* 127 N.M. 397, 405-407; 981 P.2d 1215, 1223, 1224 (Ct. App. 1999) the New Mexico Court of Appeals stated:

> The use of seat belt evidence was recently clarified in *Mott [v. Sun Country Garden Products, Inc., 120 N.M. 261 (Ct. App. 1995)]*, in which we stated that the language of Section 66-7-373(A) does not "indicate any intent to allow the introduction of evidence of failure to use seat belts for any purpose in a negligence action." *Mott*, 120 N.M. at 267, 901 P.2d at 198 (emphasis added). As we noted in *Mott*, the actions of both the Supreme Court and the Legislature have spoken clearly against the admission of such evidence. *See id.* In sum, the common law of New Mexico does not impose any duty to wear seat belts, and the statutory duty imposed on front seat occupants cannot form the basis for either liability or apportioning damages in a civil lawsuit. After *Mott* and *Thomas II*, specific evidence of the nonuse of seat belts is simply inadmissible in New Mexico's civil trials.

The New Mexico Court of Appeals has clearly held that under the law of New Mexico, there is no duty to wear a seat belt. As such, there is no duty to require another to use a seatbelt. Accordingly, Plaintiff's Motion to Amend her complaint to include a claim for negligence in failure to secure her with a seatbelt (Count II) is denied.

### Negligence of Eric Saavadra - Proposed Count III

In Proposed Count III, Plaintiff contends that Saavadra's careless and/or inattentive driving proximately caused him to lose control of the van in which she was being transported, causing her injuries. Plaintiff admits that this claim was not included in her original complaint, filed two years after the date of her alleged injury. (Docket No. 19, ¶ 15). She further admits that the state district court denied her motion to amend to include this claim based on the running of the two year statute

of limitations applicable to actions brought under the New Mexico Tort Claims Act, ruling that the amendment did not "relate back" to the original complaint.  (Docket No. 19, ¶ 11).

The requirements for adding a new party after the running of the statute of limitations in actions pending in federal court are: (1) The claim asserted in the amendment must arise from the conduct, transaction or occurrence advanced in the original pleading; (2) the new party named in the amendment must have received adequate notice so as not to be prejudiced; (3) the new party must have known or should have known that the action would have been brought against him or her but for the mistake; and (4) the notice and "should have known" factors must be satisfied within the period prescribed for service of process.  3 *Moore's Federal Practice,* §15.19 [3][a] (Matthew Bender 3rd ed.).  The New Mexico Rules of Civil Procedure are less stringent, in that they do not incorporate the fourth requirement.[2]

Plaintiff has not provided the court with a copy of the original complaint, therefore the court is unable to evaluate the scope of her original pleadings.  Further, there is no evidence as to what Mr. Saavadra "knew or should have known."  Accordingly, Plaintiff's Motion to Amend her complaint to include a claim for negligence against Mr. Saavadra (Count III) is denied.

**Claim of Negligent Supervision and Training Against Defendants BCDC and Dantis**

---

[2] "In order for an amendment adding or changing parties against whom a claim is asserted to relate back under Rule 1-015(C),the claim or defense asserted in the amended pleading must arise out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading and the party to be brought in by amendment must "(1) [have] received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits;  and (2) knew or should have known that, but for a mistake concerning the identity or the proper party, the action would have been brought against him."  It was plaintiff's burden to show the existence of facts that would satisfy the requirements of the "relation back" rule. *Rivera v. King*, 108 N.M. 5, 9, 765 P.2d 1187 (Ct. App., *cert. denied* 107 N.M. 785, 765 P.2d 758 (1988), *citing Romero v. Ole Tires, Inc.*, 101 N.M. 759, 688 P.2d 1263 (Ct.App.1984).

**Proposed Count VII.**

In Proposed Count VII, Plaintiff contends Defendants BCDC and Dantis failed in their duty to properly supervise and train BCDC corrections officers and employees *vis a vis* her constitutional right to access to necessary and proper medical treatment.   Defendants object to the amendment stating in essence it is a "futility," because the claim does not survive if not based on an underlying claim of negligence.  Plaintiff replies that the claim is sufficient if based upon a denial of constitutional rights.

The waiver of immunity found in the New Mexico Tort Claims Act, Subsection A of §41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.  Law enforcement officers, whose negligent supervision and training of subordinates proximately results in the commission of the listed torts or constitutional violations, are not granted immunity.  *Ortiz v. New Mexico State Police,* 112 N.M. 249, 251, 814 P.2d 117, 119 (Ct. App. 1991); *Quezada v. County of Bernalillo*, 944 F.2d 710, 719 (10th Cir. 1991).  Accordingly, Plaintiff's Motion to Amend to include a claim for negligent supervision and training against Defendants BCDC and Dantis (proposed Count VII) is granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend be granted as to Proposed Counts IV, V, VI and VII, and denied as to Proposed Counts II and III.  Plaintiff will file her amended complaint no later than **20 July 2001**.

**IT IS SO ORDERED**.

_____
Richard L. Puglisi
United States Magistrate Judge

Attorneys:
    John J. Schoeppner, Esq.
    Phillip G. Sapien, Esq.
    Jeffrey L. Baker, Esq.
    Maureen S. Reed, Esq.
    Stephen G. French, Esq.
    Christina Robles Anaya, Esq.